UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TUNISIA RICHARD,                          )          NO. CV 15-1518 AGR
        Plaintiff,                       )
           v.                            )
                           )          MEMORANDUM OPINION AND
CAROLYN W. COLVIN,                        )          ORDER
Commissioner of Social Security,          )
        Defendant.                       )
_____)

      Plaintiff Tunisia Richard filed this action on March 3, 2015.  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 11, 12.)  On October 5, 2015, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues.  The court has taken the matter under submission without oral argument.

      Having reviewed the entire file, the court reverses the decision of the Commissioner and remands this matter for proceedings consistent with this opinion.

# I.

## PROCEDURAL BACKGROUND

On February 13, 2012, Richard filed applications for supplemental security income and disability insurance benefits.  In both applications, Richard alleged an onset date of September 25, 2010.  Administrative Record ("AR") 9.  The applications were denied initially and on reconsideration.  *Id.*  Richard requested a hearing before an Administrative Law Judge ("ALJ").  AR 111.  On September 11, 2013, the ALJ conducted a hearing at which Richard and a vocational expert ("VE") testified.  AR 27-76.  On November 14, 2013, the ALJ issued a decision denying benefits.  AR 6-17.  On January 5, 2015, the Appeals Council denied the request for review.  AR 1-3.  This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

III.

## DISCUSSION

### A.    Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B.    The ALJ's Findings

The ALJ found that Richard meets the insured status requirements through December 20, 2016.  AR 11.  Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Richard has the severe impairments of insulin-dependent Type II diabetes mellitus, anemia, asthma, morbid obesity, left knee arthritis, and chronic body and joint aches and pains.  AR 11.  She has the residual functional capacity ("RFC") to perform sedentary work with a sit/stand option for 3-5 minutes and with the need of a cane for walking.  AR 14.  She is unable to perform any past relevant work, but there are jobs that exist in significant numbers in the national economy that she can perform such as charge account clerk, addressing clerk and ticket counter.  AR 15-16.

### C.    Credibility

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter*

---

[1]  The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work.  *Lounsburry*, 468 F.3d at 1114.

3

1  *v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  At step one, "the ALJ must

2  determine whether the claimant has presented objective medical evidence of an

3  underlying impairment 'which could reasonably be expected to produce the pain

4  or other symptoms alleged.'"  *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344

5  (9th Cir. 1991) (en banc)).

6       Second, when an ALJ concludes that a claimant is not malingering and has

7  satisfied the first step, "the ALJ may 'reject the claimant's testimony about the

8  severity of her symptoms only by offering specific, clear and convincing reasons

9  for doing so.'" *Brown-Hunter v. Colvin*, 798 F.3d 749, 755 (9th Cir. 2015) (citation

10 omitted)**,** *amended* 2015 WL 6684997 (Nov. 3, 2015); *Burrell v. Colvin*, 775 F.3d

11 1133, 1136-37 (9th Cir. 2014).  "A finding that a claimant's testimony is not

12 credible 'must be sufficiently specific to allow a reviewing court to conclude the

13 adjudicator rejected the claimant's testimony on permissible grounds and did not

14 arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter*, 798

15 F.3d at 755 (citation omitted).  "'General findings are insufficient; rather, the ALJ

16 must identify what testimony is not credible and what evidence undermines the

17 claimant's complaints.'" *Id.* (citation omitted).  In weighing credibility, the ALJ may

18 consider factors including the claimant's daily activities; and "ordinary techniques

19 of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing Social Security Ruling

20 ("SSR") 88-13) (quotation marks omitted).[2]  The ALJ may consider:  (a)

21 inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies

22 between a claimant's statements and activities; (c) exaggerated complaints; and

23 (d) an unexplained failure to seek treatment.  *Thomas*, 278 F.3d at 958-59.

24

25

------

26      [2]  Social Security rulings do not have the force of law.  Nevertheless, they
   "constitute Social Security Administration interpretations of the statute it
27 administers and of its own regulations," and are given deference "unless they are
   plainly erroneous or inconsistent with the Act or regulations."  *Han v. Bowen*, 882
28 F.2d 1453, 1457 (9th Cir. 1989).

1      The ALJ stated that he could not rely on Richard's allegations as

2    establishing greater limitations than the residual functional capacity assessment

3    because her statements are "not entirely credible." AR 14. The ALJ relied on five

4    reasons: (1) although Richard used a borrowed cane, there was no evidence

5    indicating a cane was prescribed by a doctor; (2) Richard's daily activities were

6    inconsistent with her allegations; (3) she did not appear too motivated to work; (4)

7    her asthma and diabetes appeared to be stable and her cancer was in remission

8    according to her testimony; and (5) although Richard claimed to have constant

9    diarrhea as a side effect of medications, she had not reported that side effect to

10   her doctors. AR 14-15.

11      The ALJ's first reason is not supported by substantial evidence as of 2013.

12   Richard was prescribed a walking cane on August 29, 2013.[3] AR 252-53.

13      The ALJ's second reason also is not supported by substantial evidence as

14   of 2013. Richard testified that she had been working since she was 14 years old,

15   and previously worked three jobs up to 14 hours per day during the week and up

16   to 5 hours per day on the weekend while she weighed close to 500 pounds. AR

17   35. Richard argues, however, that she has since developed other ailments –

18   anemia, asthma, arthritis, left hip pain and knee pain – that are exacerbated by

19   her obesity even after losing 50 pounds. As of the date of the hearing,

20   September 2013, she needed help bathing. It was difficult for her take public

21   transportation. AR 57.

22      As the ALJ acknowledged, Richard's testimony makes logical sense. The

23   ALJ had "no doubt believing that this woman's years of being very heavy have

24   gotten to the point that they are now taking a toll on her joints." AR 15. The ALJ

25   felt constrained, however, because as of the date of the hearing Richard was on

26

27          [3] The attorney did not mention the prescription at the hearing, presumably
     because it was contained in the "E" exhibits as distinguished from the medical
28   records in the "F" exhibits.

5

a waiting list to see an orthopedist and, despite the fact that the ALJ left the record open for 30 days, Richard did not submit any additional x rays or other documentation of musculoskeletal problems.  AR 12.  The most recent medical record in March 2013 indicated Richard complained of left hip and knee pain, and that the left hip was tender to palpation.  AR 683.  Previously, a September 2012 x ray of the left knee showed mild degenerative disease with small osteophytes present but with no joint space narrowing and no joint effusion.  AR 557.  Lack of objective medical evidence supporting the degree of limitation cannot form the sole basis for discounting a claimant's credibility.  *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ's third reason is not supported by substantial evidence as of 2013. Although the ALJ observed that Richard did not appear too motivated to work, the basis for the ALJ's observation is not clear.

The ALJ's fourth reason is partially supported by substantial evidence. Richard does not dispute that her cancer appears to be in remission.  However, Richard argues that her diabetes was not stable and that her blood glucose levels were persistently elevated.  The March 2013 medical record indicates her diabetes was "out of control."  AR 683; *see* AR 328 (183 on 1/25/2011), 324 (388 on 4/18/2011), 311 (129 on 8/2/2011), 496 (347 on 5/6/2012), 538 (168 on 5/30/2012), 609 (194 on 12/5/2012), 671 (214 on 4/18/2013).

Finally, the ALJ's observation about Richard's failure to report allegations of constant diarrhea as a side effect to her doctors is correct.

When, as here, the ALJ provides specific reasons for discounting the claimant's credibility and some of those reasons are not supported by substantial evidence, the question is whether "the ALJ's remaining reasoning and ultimate credibility determination were adequately supported by substantial evidence in the record."  *Carmickle v. Comm'r*, 533 F.3d 1155, 1162 (9th Cir. 2008) (italics omitted).  The court concludes that the ALJ's credibility determination is not

1  adequately supported by substantial evidence as of 2013.  As the ALJ
2  recognized, Richard's main problem was obesity and its exacerbation of hip and
3  knee problems.  It appears that Richard's condition worsened in 2013 such that
4  she was prescribed a cane and she reported hip and knee pain which was likely
5  exacerbated by obesity as the ALJ recognized.  Although the fourth and fifth
6  reasons were at least partially if not entirely supported by substantial evidence,
7  these reasons are less pertinent because they do not go to the heart of the
8  reasons why Richard claims she is disabled.

9                                              **IV.**

10                                           **ORDER**

11          IT IS HEREBY ORDERED that the decision of the Commissioner is
12  reversed and the matter remanded for reconsideration of Richard's credibility as
13  of January 2013.

14          IT IS FURTHER ORDERED that the Clerk serve copies of this Order and
15  the Judgment herein on all parties or their counsel.

16
17
18  DATED:  December 22, 2015
19                                              ALICIA G. ROSENBERG
                                                United States Magistrate Judge
20
21
22
23
24
25
26
27
28

                                              7